**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

|  |  |
|---|---|
| JASON HEATHMAN, : | **Hon. Renée Marie Bumb** |
| Petitioner, : | Civil No. 08-5804 (RMB) |
| v. : |  |
| JEFF GRONDOLSKY, : | **O P I N I O N** |
| Respondent. : |  |

**APPEARANCES:**

    JASON HEATHMAN, #107720-046
    CCM Salt Lake City
    Community Corrections Office
    324 South State St., Ste. 228
    Salt Lake City, UT  84111
    Petitioner Pro Se

    ELIZABETH ANN PASCAL, ASSISTANT UNITED STATES ATTORNEY
    RALPH J. MARRA, JR., ACTING UNITED STATES ATTORNEY
    P.O. Box 2098
    Camden, New Jersey  08101
    Attorney for Respondents

**BUMB, District Judge**

Jason Heathman, an inmate currently confined at the Salt Lake Community Corrections Center, in Utah, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prison's ("BOP") determination that he is not eligible for the early release incentive for successful completion of a residential substance abuse treatment program pursuant to 18

U.S.C. § 3621(e)(2)(B).[1]  Respondents filed an Answer and Supplemental Answer, arguing that the Petition should be dismissed.  Having thoroughly examined the submissions of the parties, this Court will dismiss the Petition.

## I.   BACKGROUND

Petitioner challenges the BOP's decision that he is not eligible for the early release incentive of up to one year, pursuant to 18 U.S.C. § 3621(e)(2)(B), for completion of the residential drug abuse program ("RDAP").  See 18 U.S.C. § 3621(a) and (e).  The undisputed facts are as follows.  Petitioner is serving an aggregate 90-month sentence imposed by the United States District Court for the District of Montana on November 20, 2003, based on his guilty plea to using a semi-automatic handgun during a drug trafficking crime, see 18 U.S.C. § 924(c)(1), and distribution of methamphetamine, see 21 U.S.C. § 841(b)(1)(B). See United States v. Heathman, Crim. No. 03-0034 (RFC) judgment (D. Mon. Nov. 20, 2003).  With good conduct time, Petitioner's projected release date is February 2, 2010.

On April 1, 2008, while Petitioner was incarcerated at FCI Fort Dix, Dr. Ben Quick and S. Hart, BOP officials at FCI Fort Dix, issued a Residential Drug Abuse Program Notice to Inmate. The Notice states that Petitioner satisfies the admission

---

[1] Petitioner was incarcerated at FCI Fort Dix in New Jersey when he filed the Petition.

criteria for participation in the RDAP, but he is not eligible for the early release incentive under 18 U.S.C. § 3621(e) because Petitioner's instant offense precludes early release.  On April 24, 2008, Petitioner submitted an Informal Administrative Remedy Resolution form (BP-8) challenging the determination that he is not eligible for the early release incentive.  The correctional counselor responded that, because Petitioner is currently serving a sentence for a felony that involved the carrying, possession, or use of a firearm, he is not eligible for early release under Program Statement 5330.10.  Petitioner thereafter submitted an administrative remedy request (BP-9) to the Warden.  On May 21, 2008, Warden Grondolsky denied the BP-9 administrative remedy.  Petitioner filed an appeal (BP-10) to the Regional Director of the BOP.  On August 5, 2008, Regional Director D. Scott Dodrill denied the appeal on the following basis:

> The regulation at § 550.58(a)(1) provides, in pertinent part: "As an exercise of discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release: . . . (vi) Inmates whose current offense is a felony: . . . (B) That involved the carrying, possession, or use of a firearm . . ."
>
> Records indicate you were convicted of Distribution of Methamphetamine and Possession of a Firearm.  According to your Pre-Sentence Report (PSR), your offense involved possession of a loaded Beretta.  On March 5, 2003, law enforcement agents discovered a fully loaded 9 mm Beretta in your residence.  According to your PSR, you advised officers that you received the weapon

3

>           from another individual and carried it for
>           protection when you "cooked" and distributed
>           methamphetamine.  Under the above regulation,
>           your offense is a felony that involved the
>           possession and use of a firearm.  Therefore,
>           based upon the Director's Discretion, you are
>           ineligible for early release.  We concur with
>           this assessment.  Accordingly, your appeal is
>           denied.

(Response of D. Scott Dodrill dated Aug. 5, 2008) (Docket entry #1-2 at p. 9.)

   Petitioner appealed to the Cental Office of the BOP, which denied the appeal as follows on November 5, 2008:

>           This is in response to your Central Office
>           Administrative Remedy in which you request
>           early release eligibility under 18 U.S.C. §
>           3621(e) based on the Ninth Circuit decision
>           in <u>Arrington v. Daniels</u>.
>
>           18 U.S.C. § 3621(e) provides the Director of
>           the Bureau of Prisons (BOP) the discretion to
>           grant a sentence reduction of not more than
>           one year upon the successful completion of
>           the Residential Drug Abuse Program (RDAP).
>           The exercise of this discretion is described
>           in 28 C.F.R. § 550.58 and Program Statement
>           5330.10, <u>Drug Abuse Programs Manual</u>.  The
>           regulation at § 550.58 states in pertinent
>           part: "The following categories of inmates
>           are not eligible [for early release]: . . .
>           inmates whose current offense is a felony . .
>           . that involved the carrying, possession, or
>           use of a firearm or other dangerous weapon or
>           explosives . . ."
>
>           Records indicate you are currently
>           participating in the RDAP at FCI Fort Dix.
>           You were convicted of 21 U.S.C. §
>           841(b)(1)(B), Distribution of
>           Methamphetamine, and 18 U.S.C. § 924(c),
>           Possession of a Firearm.  The above
>           referenced regulation and P.S. 5162.04,
>           <u>Categorization of Offenses</u>, Section 6,

4

> identify 18 U.S.C. § 924(c) as a crime of
> violence in all cases.  The decision in
> <u>Arrington v. Daniels</u>, 516 F. 3d 1106 (9th
> Cir. 2008), does not change the analysis of
> your case insofar as you are not currently
> housed in an institution within the Ninth
> Circuit nor did you complete the unit-based
> portion of the RDAP in an institution within
> the Ninth Circuit . . . .  There is no
> entitlement to an early release but it is at
> the Director's discretion. We concur with the
> decision that you are precluded from
> receiving early release under 18 U.S.C. §
> 3621(e).  Accordingly, your appeal is denied.

(Response of Harrell Watts to Administrative Remedy No. 492803-Ai, dated Nov. 5, 2008) (Docket entry #5-3 at p. 34.)

On November 21, 2008, Petitioner signed the § 2241 Petition presently before this Court.  The Clerk received and filed it on November 26, 2008.  Petitioner challenges the BOP's determination that he is not eligible for the early release incentive on the following grounds:  (1) the BOP's regulation, 28 C.F.R. § 550.58(a)(1)(ii)(B), is contrary to Congressional intent in 18 U.S.C. § 3621(e)(2)(B) and the rule of lenity; (2) the regulation is arbitrary and capricious in violation of the Administrative Procedure Act; and (3) the determination violates Petitioner's Fifth Amendment right to equal protection of laws because inmates convicted of the same offense as Petitioner who are incarcerated in the Ninth Circuit are not excluded from participation on that basis as a result of <u>Arrington v. Daniels</u>, 516 F. 3d 1106 (9th Cir. 2008).  Petitioner seeks a writ vacating the BOP's decision and remanding with instructions that Respondent must find him

eligible for early release. Respondent filed an Answer and Supplemental Answer, arguing that the Petition should be dismissed.

**II. DISCUSSION**

A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions
>
> . . . .
>
> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner was incarcerated in New Jersey when he filed the Petition, and he challenges the denial of early release on federal grounds. See Woodall v. Fed. Bureau of Prisons, 432 F. 3d 235, 241-44 (3d Cir. 2005); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure §

6

41.2b (3rd ed. 1998).  Moreover, if the BOP incorrectly determined his eligibility for early release, this error carries a potential for a miscarriage of justice that can be corrected through habeas corpus.  See Murray v. Carrier, 477 U.S. 478, 495 (1986); Barden, 921 F.2d at 479.

B.  Statutory Authority

Congress requires the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." [2] 18 U.S.C. § 3621(b)(5).  To carry out this mandate, the statute further provides:

> (e) **Substance abuse treatment.**--
>
> **(1) Phase-in.**-In order to carry out the requirement of the last sentence of subsection (b) of this section, that every prisoner with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment, the Bureau of Prisons shall . . . provide residential substance abuse treatment (and make arrangements for appropriate aftercare) . . . for all eligible prisoners by the end of fiscal year 1997 and thereafter, with priority for such treatment accorded based on an eligible prisoner's proximity to release date.
>
> **(2) Incentive for prisoners' successful completion of treatment program.**

---

[2] Congress authorized such sums as may be necessary to carry out this requirement through the year 2011.  See 18 U.S.C. § 3621(e)(4).

> **(A) Generally.**  Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate . . .
>
> **(B) Period of custody.**  The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. §§ 3621(e)(1)(C), 3621(e)(2).

C.  Regulatory Framework

On November 5, 2008, the date on which the BOP issued its final decision, the governing regulation was 28 U.S.C. § 550.58, which was effective to March 15, 2009.  See 74 Fed. Reg. 1892 (Jan. 14, 2009).  That regulation provided, in relevant part:

> As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release [for successful completion of a residential drug abuse treatment program]: . . . Inmates whose current offense is a felony: . . . That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device).

28 C.F.R. 550.58(a)(1)(vi)(B).

On January 14, 2009, the BOP published a final rule revising the drug abuse treatment program regulations, which became

8

effective on March 16, 2009.  See 74 Fed. Reg. 1892 (Jan. 14, 2009).  The regulation in effect today provides:

> (b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . (5) Inmates who have a current felony conviction for: . . . (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

28 C.F.R. § 550.55(b)(5)(ii).

In adopting the above final regulation, the BOP rejected a comment recommending that this section be altered so that inmates convicted of an offense that involved the carrying or possession (but not use) of a firearm or weapon would be eligible for early release consideration.  See 74 Fed. Reg. 1892, p. 8.  The BOP's rationale for rejecting this comment is set forth below:

> Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine eligibility for early release consideration (See Lopez v. Davis, 531 U.S. 230 (2001)). The Director of the Bureau exercises discretion to deny early release eligibility to inmates who have a felony conviction for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission of such offenses illustrates a readiness to endanger the public. Denial of early release to all inmates convicted of these offenses rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life.
>
> The Director of the Bureau, in his discretion, chooses to preclude from early release consideration inmates convicted of offenses involving carrying, possession or

9

> use of a firearm and offenses that present a
> serious risk of physical force against person
> or property, as described in §
> 550.55(b)(5)(ii) and (iii). Further, in the
> correctional experience of the Bureau, the
> offense conduct of both armed offenders and
> certain recidivists suggests that they pose a
> particular risk to the public. There is a
> significant potential for violence from
> criminals who carry, possess or use firearms.
> As the Supreme Court noted in Lopez v. Davis,
> "denial of early release to all inmates who
> possessed a firearm in connection with their
> current offense rationally reflects the view
> that such inmates displayed a readiness to
> endanger another's life." Id. at 240. The
> Bureau adopts this reasoning. The Bureau
> recognizes that there is a significant
> potential for violence from criminals who
> carry, possess or use firearms while engaged
> in felonious activity. Thus, in the interest
> of public safety, these inmates should not be
> released months in advance of completing
> their sentences.

74 Fed. Reg. 1892, p. 8.

D. Is the Regulation Inconsistent With Congressional Intent and the Rule of Lenity?

Plaintiff challenges his ineligibility for early release, arguing that the exclusion of inmates convicted of non-violent gun offenses from early release is inconsistent with Congressional intent and the rule of lenity.  However, the Supreme Court rejected these arguments in Lopez v. Davis, 531 U.S. 230 (2001).  The Court held that the BOP's regulation which categorically denies early release to prisoners whose current offense is a felony attended by "the carrying, possession, or use of a firearm," 28 C.F.R. § 550.58(a)(1)(vi)(B), is a permissible

10

exercise of the BOP's discretion under 18 U.S.C. § 3621(e)(2)(B). The Court explained its rationale:

> Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so.  In this familiar situation, where Congress has enacted a law that does not answer the precise question at issue, all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap in a way that is reasonable in light of the legislature's revealed design . . . .  We think the agency's interpretation is reasonable both in taking account or preconviction conduct and in making categorical exclusions . . .
>
> Having decided that the Bureau may categorically exclude prisoners based on their preconviction conduct, we further hold that the regulation excluding Lopez is permissible.  The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.

Lopez, 531 U.S. at 242, 244 (citations and internal quotation marks omitted).  Moreover, the Court emphasized that, because "the statute cannot be read to prohibit the Bureau from exercising its discretion categorically or on the basis of preconviction conduct, [petitioner's] reliance on the rule [of lenity] is unavailing."  Lopez, 531 U.S. at 244 n.7.

11

Based on <u>Lopez</u>, this Court rejects Petitioner's contention that the regulation categorically excluding felons who possessed a firearm from eligibility for the early release incentive is inconsistent with Congressional intent underlying 18 U.S.C. § 3621(e)(2)(B) and the rule of lenity.

E.  <u>Does the Regulation Violate the Administrative Procedure Act?</u>

Relying on <u>Arrington v. Daniels</u>, 516 F. 3d 1106 (9th Cir. 2008), Petitioner argues that the BOP's determination that he is not eligible for the early release incentive must be vacated because 28 C.F.R. 550.58(a)(1)(vi)(B), the regulation on which the BOP relied, was not promulgated in accordance with the requirements of the Administrative Procedure Act ("APA"), insofar as the BOP failed to articulate an adequate rationale in the administrative record when it promulgated the final rule.

The APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).[3]  A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  See <u>C.K. v. N.J. Dep't of Health & Human Services</u>, 92 F.3d 171, 182 (3d Cir. 1996).  "The

---

[3] See <u>Lopez</u>, 531 U.S. at 240 (BOP may categorically exclude inmates from eligibility for early release, subject to its obligation to interpret statute in manner that is not arbitrary and capricious, <u>see</u> 5 U.S.C. § 706(2)(A)).

courts may not accept appellate counsel's *post hoc* rationalizations for agency action," Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962), but courts "will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned," Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286 (1974).

This case involves agency rulemaking rather than adjudication.  In that situation, § 553(c) of the APA provides that, "[a]fter notice required by this section, the agency shall give interested persons an opportunity to participate in the rule making through submission of written data, views, or arguments with or without opportunity for oral presentation.  After consideration of the relevant matter presented, the agency shall incorporate in the rules adopted a concise general statement of their basis and purpose."  5 U.S.C. § 553(c).  The Supreme Court explained the standard for reviewing agency rulemaking under §§ 553(c) and 706(2)(A) of the APA as follows:

> The scope of review under the "arbitrary and capricious" standard is narrow and a court is not to substitute its judgment for that of the agency . . . . . **Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.** The

> reviewing court should not attempt itself to make up for such deficiencies: "We may not supply a reasoned basis for the agency's action that the agency itself has not given." SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947). We will, however, "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Bowman Transp. Inc. v. Arkansas-Best Freight System, supra, 419 U.S., at 286, 95 S.Ct., at 442.

Motor Vehicle Mfrs. Ass'n of U.S., 463 U.S. at 43 (emphasis added).

In Arrington, the Ninth Circuit held that, "[b]ecause . . . the administrative record contains no rationale articulating the Bureau's decision to categorically exclude prisoners with convictions involving firearms from eligibility for early release under § 3621(e)," 28 C.F.R. 550.58(a)(1)(vi)(B) was arbitrary and capricious in violation of § 706(2)(A) of the APA. Arrington, 516 F. 3d at 1112. However, the only other circuit to consider the issue in a published opinion reached a contrary result, finding the "reasoning [in Arrington] unpersuasive and, though purporting to be based on an open procedural issue, contrary to the Supreme Court's decision in Lopez."[4]  See Gatewood v. Outlaw, 560 F. 3d 843, 846 (8th Cir. 2009), petition for cert. filed, __ U.S.L.W. ___ (U.S. Jun. 23, 2009) (No. 09-5089).  As the Eighth Circuit explained,

---

[4] The Third Circuit has not ruled on the issue.

> [T]he Ninth Circuit panel in Arrington erred when it disregarded the BOP's public safety rationale simply because the court could not find that rationale in an "administrative record" which the court never defined but seemed to limit to the BOP's Federal Register notice in 2000 finalizing the previously interim rule . . .
>
> The Supreme Court discerned that public safety was the basis for the BOP's exclusion of firearm offenders and concluded that the agency's rule was *substantively* reasonable in Lopez . . . .  That, we conclude, is all 5 U.S.C. § 553(c) and 706(2)(A) require . . . .
>
> When the agency has articulated and acted on a consistent rationale throughout the course of a lengthy informal rulemaking process, the final rule is not arbitrary and capricious because the rationale was not fully reiterated in the final agency action.

Gatewood, 560 F. 3d at 847-48.

This Court finds Gatewood persuasive, and holds that the categorical exclusion from eligibility for early release under § 3621(e) for inmates (like Petitioner) whose current offense is a felony that involved the carrying, possession or use of a firearm, pursuant to 28 C.F.R. 550.58(a)(1)(vi)(B), is not arbitrary and capricious in violation of the APA.  See Gatewood, 560 F. 3d at 847-48; Santiago v. Schultz, 2009 WL 1587886 (D.N.J. Jun. 3, 2009); Neal v. Grondolsky, 2008 WL 4186901 (D.N.J. Sept. 9, 2008).

Moreover, in adopting the final revised regulation on January 14, 2009, effective March 16, 2009, the BOP articulated in the administrative record its rationale for continuing to

exclude felons convicted of possession or use of a firearm from early release eligibility under § 3621(e).  See 74 Fed. Reg. 1892 ("The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.")  Respondent correctly argues that, to the extent Arrington was correctly decided, by specifying its rationale in the administrative record, the BOP corrected the APA deficiency found in Arrington and the case no longer has force.

F.  Does BOP's Failure to Follow Arrington Violate Petitioner's Equal Protection Rights?

Petitioner argues that BOP violated his Fifth Amendment right to equal protection of laws by treating him differently than inmates needing substance abuse treatment who are convicted of crimes involving possession or use of a firearm and confined within the jurisdiction of the Ninth Circuit.  This argument fails for two reasons.  First, the BOP had a rational basis for not applying Arrington to inmates outside the Ninth Circuit, i.e., protection of public safety by not releasing persons who were convicted of carrying a firearm a year early.  In light of this rational basis, there was no equal protection violation.  Second, even if this Court were to grant Petitioner a writ and remand to the BOP with instructions to consider Petitioner's eligibility without regard to 28 C.F.R. § 550.58(a)(1)(vi)(B),

the BOP would still find Petitioner ineligible under the regulation that went into effect March 16, 2009, <u>i.e.</u>, 28 C.F.R. § 550.55(b)(5), since the administrative record corrected the deficiency found in <u>Arrington</u> and thereby neutralized its holding even within the confines of the Ninth Circuit.

### III. CONCLUSION

Based on the foregoing, this Court will dismiss the Petition for Writ of Habeas Corpus.

s/Renée Marie Bumb<br>
<b>RENÉE MARIE BUMB</b><br>
<b>United States District Judge</b>

Dated:   August 21, 2009